[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
OPINION
Since the death of his ex-wife, William C. Schopfer (father) shared legal and physical custody of his daughter, Jennifer, with her stepfather, Daniel C. Bonebrake. Pursuant to a court order, father also paid to *Page 955 
Bonebrake $900 each month for child support. Four months before Jennifer graduated from high school, however, father moved to reduce his child support obligation to zero. The trial court denied his motion.
On appeal, father makes the same three contentions he made in the trial court. First, he contends that he cannot be compelled to pay child support to a third party, absent an agreement. Second, he contends that he can no longer be required to pay child support for Jennifer because she is now 18 years old. Third, he contends that an order compelling him to pay child support for Jennifer is inequitable because she is in boarding school, the tuition for which is paid by her mother's estate, and thus Bonebrake is no longer paying Jennifer's expenses.
Finding none of father's claims to have merit, we affirm the order of the trial court.
 FACTUAL AND PROCEDURAL BACKGROUND
In December 2006, the court awarded joint legal and physical custody of Jennifer to father and Bonebrake. The parties nevertheless acknowledged that Jennifer was living with Bonebrake.
In July 2007, the court ordered father to pay to Bonebrake $900 per month in child support. In August 2007, Bonebrake enrolled Jennifer in boarding school in Oregon.
In July 2008, father filed an order to show cause, seeking to modify the prior order for child support to zero. Relying onPlumas County Dept. of Child Support Services v.Rodriguez (2008) 161 Cal.App.4th 1021 [76 Cal.Rptr.3d 1] (Rodriguez), he argued "there is no statutory authority for the court to award child support to a non-parent custodian." He also argued that because Jennifer was now 18 years old and in boarding school, the tuition for which was paid out of her mother's estate, an order compelling him to pay child support to Bonebrake was inequitable. Bonebrake opposed father's request, arguing that until Jennifer graduated from high school, father had a duty to support her.
At the hearing on father's motion, the court requested additional briefing on a recently published case, Edwards v.Edwards (2008) 162 Cal.App.4th 136 [75 Cal.Rptr.3d 458]. In his amended points and authorities, father relied onEdwards to argue that because Jennifer was 18 years old, neither he nor Bonebrake was "primarily physically responsible" for her for any period of time. Thus, father argued, guideline child support was inapplicable. Bonebrake argued that Edwards was distinguishable because, unlike the adult child in Edwards who was in college, Jennifer had not yet graduated from high school. *Page 956 
In September 2008, the court heard argument on father's motion. The court then ruled as follows: "The court finds that the facts in the present case can be distinguished from theRodriguez case. [Father] agreed to pay guideline support in responsive pleadings filed on 05/30/07 and orders made in 06/01/07. The court finds that the child's attendance at boarding school does not impact [father]'s ongoing obligation." Father appeals from that order.
 DISCUSSION
Father contends the trial court erred in denying his request for modification of the prior order for support. "We review orders granting or denying a request for modification of a child support order for abuse of discretion. [Citations.] The trial court's exercise of its discretion must be `informed and considered' [citations], and the trial court may not `ignore or contravene the purposes of the law' [citation], [¶] To the extent [father] challenges the trial court's factual findings, we review the findings for substantial evidence, considering the evidence in the light most favorable to the party who prevailed in the trial court. [Citation.]" (Rodriguez, supra,161 Cal.App.4th at p. 1026.) Questions of law, however, are subject to the independent review of this court. (Ibid.)
 I Father Was Properly Ordered to Compensate Bonebrake for Jennifer's Support As a Custodial Parent
Relying on Family Code[1] section 3951 and Rodriguez,supra, 161 Cal.App.4th 1021, father contends he is not bound to compensate Bonebrake for the support of Jennifer. He is wrong.
Section 3951 provides in relevant part that, "A parent is not bound to compensate the other parent, or a relative, for the voluntary support of the parent's child, without an agreement for compensation." (§ 3951, subd. (a).) Here, Bonebrake's support of Jennifer was not "voluntary." Rather, Bonebrake was one of Jennifer's legal custodians pursuant to an order of the court. Accordingly, his support of Jennifer was compelled, and section 3951, subdivision (a), which applies only to compensation for the "voluntary support of the parent's child," is inapplicable. *Page 957 
Section 3951, subdivision (b), provides: "[a] parent is not bound to compensate a stranger for the support of a child who has abandoned the parent without just cause." Father makes no argument that Bonebrake is a "stranger" to Jennifer, or that Jennifer abandoned father "without just cause." Accordingly, any such argument is forfeited. (Badie v. Bank of America
(1998) 67 Cal.App.4th 779, 784-785 [79 Cal.Rptr.2d 273] [when an appellant fails to support a point with reasoned argument and citations to authority, it is forfeited].)
Father's reliance on this court's decision in Rodriguez
also is unavailing. In Rodriguez, the parents divorced and the mother was awarded primary custody of the minor child and child support. (Rodriguez, supra,161 Cal.App.4th at p. 1025.) The mother then asked her brother's family (the Andersens) to raise the child and they agreed. (Ibid.) The custody order awarding mother primary custody of the minor, however, was "never revoked or modified." (Ibid.)
Initially, the mother gave the Andersens the child support her former husband was sending to her, along with some of her own money to cover the child's expenses. (Rodriguez, supra,161 Cal.App.4th at p. 1025.) Later, the mother stopped sending her own money, and sent to the Andersens only the child support. (Ibid.) The Andersens then asked the Plumas County Department of Child Support Services to assist them in obtaining an order of support against the mother. (Ibid.) The department filed a complaint for child support. (Ibid.)
The trial court dismissed the department's complaint because the mother was the custodial parent. (Rodriguez, supra,161 Cal.App.4th at pp. 1025-1026.) Thus, absent an agreement between the mother and the Andersens, the mother was under no obligation to give money to the Andersens for the child's support. (Ibid.) The court found no such agreement. (Id. at p. 1026.) The department appealed. (Ibid.)
On appeal, this court concluded that "nothing in the statutes permitting the county to establish or enforce child support orders suggests that third party, nonparent family members such as the Andersens may enlist the local child support agency to prosecute an action to collect child support on their behalf." (Rodriguez, supra, 161 Cal.App.4th at p. 1028.) The court looked to section 3951: "This section, and its predecessor [citation], have long been interpreted to deny compensation to intrafamily support arrangements of the type at issuehere, unless the parties have an express agreement for support." (Rodriguez, at p. 1028, italics added.) *Page 958 
However, an essential fact underlying the decision inRodriguez is not present here. In this case, Bonebrake has a court order awarding him joint custody of Jennifer along with father. Thus, Bonebrake is one of Jennifer's custodial parents and his support of Jennifer was not an informal or "voluntary" arrangement like the one in Rodriguez.
 II The Trial Court Did Not Err in Requiring Father to Pay Child Support Past Jennifer's 18th Birthday
Relying on Edwards, father contends the trial court erred in denying his motion to modify the prior order for support because Jennifer was no longer a minor child. We do not read Edwards as broadly as does father.
In Edwards, the parties agreed that, subject to modification by the court, the noncustodial parent would pay child support until the child turned 25 years old. (Edwards v. Edwards, supra,162 Cal.App.4th at p. 138.) After the child turned 18 and moved away to college, the noncustodial parent moved to terminate child support. [Id. at pp. 139-140.) The trial court denied the motion. (Id. at p. 139.)
On appeal, "[t]he essential issue presented [wa]s the applicability of the statutory support guideline to a competent adult child who has moved away to college." (Edwards v.Edwards, supra, 162 Cal.App.4th at p. 138.) The appellate court concluded that, under the circumstances presented, "the guideline formula, by its terms, [wa]s inapplicable." (Ibid.) In reaching its decision, the court reasoned that "[o]ne of the essential factors in calculating child support pursuant to the guideline is the `approximate percentage of time that the high earner has or will have primary physical responsibility for the children compared to the other parent.' (§ 4055, subd. (b)(1)(D).) [¶] Here, neither parent retains `primary physical responsibility' for [the child] for any period of time. He turned 18 in November 2002. As an adult, [the child] is not in the custody of either parent, [¶] Moreover, in August 2003, [the child] relocated to San Francisco to attend college." (Id. at p. 143.)
Based on this reasoning, father contends that once Jennifer turned 18, neither he nor Bonebrake had "primary physical responsibility" for her for any period of time because she was an adult. Thus, according to father, the statutory formula for calculating guideline support is inapplicable. The Family Code dictates that the decision in Edwards be read more narrowly than that. *Page 959 
The duty to pay child support "continues as to an unmarried child who has attained the age of 18 years, is a full-time high school student, and who is not self-supporting, until the time the child completes the 12th grade or attains the age of 19 years, whichever occurs first." (§ 3901.) Thus, a child turning 18 years old does not render the formula for guideline child support inapplicable, as father contends. On the contrary, when, as here, a child turns 18 but has not yet completedhigh school, guideline child support is not only applicable, it is statutorily required. The decision inEdwards is inapposite.[2]
 III The Court Did Not Err in Requiring Father to Pay Support Under the Circumstances
As he did in the trial court, father contends that an order requiring him to pay support to Bonebrake is "inequitable" because once Jennifer was enrolled in boarding school, Bonebrake no longer paid her expenses. The trial court implicitly rejected this claim and there is substantial evidence in the record that Bonebrake was still paying Jennifer's expenses.
In response to father's claim in the trial court, Bonebrake declared that all of the child support he previously received from father was used to pay Jennifer's tuition, which exceeded $72,000 in the prior 11 months. Bonebrake further stated that Jennifer's expenses were more than the cost of tuition and included the cost of traveling to and from boarding school. The only evidence in the record to the contrary is father's statement that Bonebrake no longer pays Jennifer's expenses. Reviewing the record in a light most favorable to Bonebrake, as we must, we find father's claim fails; there is substantial evidence to support the court's decision. (Rodriguez,supra, 161 Cal.App.4th at pp. 1026-1027.)
Accordingly, we find no error. *Page 960 
 DISPOSITION
The judgment (order) of the trial court is affirmed. Bonebrake shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)
Scotland, P. J., and Sims, J., concurred.
[1] All further statutory references are to the Family Code.
[2] That Jennifer's high school was a boarding school does not alter our conclusion. Parenting time is still calculable while a child is away at boarding school. (Cf. In re Marriageof Katzberg (2001) 88 Cal.App.4th 974, 983-984
[106 Cal.Rptr.2d 157] [to calculate guideline child support, courts may impute a child's time at boarding school to the parent who has primary physical responsibility for that child while he or she is away at school].) *Page 961